The relief described hereinbelow is SO ORDERED.

SIGNED this 11th day of September, 2017.



Robert D. Berger
United States Bankruptcy Judge

_____

**Designated for print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

JENNIFER DENISE BEAIRD,

        DEBTOR.

CASE NO. 16-21725
CHAPTER 13

**MEMORANDUM OPINION AND JUDGMENT GRANTING**
**DEBTOR'S MOTION TO COMPEL CHAPTER 13 TRUSTEE TO TURN**
**UNDISTRIBUTED FUNDS OVER TO DEBTOR AFTER PAYING**
**MOORE & ASSOCIATES ANY UNPAID ATTORNEY FEES**

The matter before the Court is Debtor's "Motion to Compel Chapter 13 Trustee to Turnover Undistributed Funds to Debtor and to Pay Moore & Associates [her bankruptcy counsel] any Remaining Attorney's Fees (Motion)."[1] The Chapter 13 Trustee and Creditor Rushmore Loan Management Services, LLC, object.[2] Oral arguments were

---

[1] Doc. 51.

[2] Docs. 56 & 57.

presented by counsel before Bankruptcy Judge Somers.[3] The Court has jurisdiction.[4]

**BACKGROUND FACTS**

The background facts are undisputed. Debtor Jennifer Denise Beaird (Debtor) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 31, 2016.[5] The Chapter 13 Trustee is William H. Griffin (Trustee). The Debtor's plan utilized the form plan approved in this district. It was filed with her petition[6] and was orally confirmed on October 18, 2016.[7] It provided Debtor would pay $1,847 per month for not less than 36 months, and these payments would be made by an order directed to Debtor's employer. The plan provided the Trustee would pay as administrative expenses attorney fees to Moore & Associates in the amount of $2,950 and the court filing fee of $310.[8] The plan also provided the Trustee would pay ongoing mortgage payments and a

---

[3] Debtor appeared by Nancy L. Skinner of Moore & Associates, LLC. The Chapter 13 Trustee, William H. Griffin, appeared by William H. Griffin. Rushmore Loan Management Services, LLC, appeared by H. Joseph Esry of Kozeny & McCubbin, L.C.

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). A motion to turn over property held by the Chapter 13 Trustee is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A) and (E). There is no objection to venue or jurisdiction over the parties.

[5] Doc. 1.

[6] Doc. 6 at 1.

[7] Doc. 22.

[8] Doc. 6 at 2.

2

prepetition arrearage to Rushmore Loan Management Services, LLC (Rushmore).[9] Paragraph 16 of the confirmed plan defined property of the estate as "property specified in 11 U.S.C. § 541 . . . [and] all property acquired after the filing of the bankruptcy petition, including earnings."[10] It also stated, "[a]ll property of the estate will vest in Debtor at discharge or dismissal of the case."[11]

Debtor filed a notice of voluntary dismissal on July 21, 2017,[12] and an order dismissing the case was entered on July 24, 2017.[13] At the time of the dismissal, the Trustee had funds on hand in the amount of $13,788.87,[14] which were being held for Rushmore. The funds had accumulated because Rushmore did not file its proof of claim until June 20, 2017.[15] The Trustee's motion to allow the claim was granted on July 20, 2017, four days before the dismissal order was entered. When Debtor's counsel advised the Trustee that she would be filing a motion to have the funds paid to Debtor, the Trustee manually pulled a check that his payment system had written to Rushmore in the amount

---

[9] *Id*. at 5.

[10] *Id*. at 10.

[11] *Id*.

[12] Doc. 45.

[13] Doc. 47.

[14] Doc. 56 at 2. After the order of dismissal was entered, the Trustee received $426.23 from Debtor's employer. These funds have been refunded to Debtor. *Id*. The sum of these two amounts is $14,215.10, the amount which Debtor contends should be distributed to her and not her creditors. Doc. 51 at 1.

[15] Doc. 56 at 2.

3

of $13,788.87, dated July 31, 2017.[16]

After oral argument, at the request of the Court, Debtor filed her agreement with Moore & Associates.[17] It provides for a flat fee for basic bankruptcy services and a schedule of fees for additional services. It also states, "I/We agree that in the event my/our case is dismissed at any time after the Meeting of Creditors, that Moore & Associates, LLC shall have the right to recover all funds in the hands of the Chapter 13 Trustee that would otherwise be refunded, up to the total fees then due for this case."[18]

**DISCUSSION**

**A. Unless the Court for cause orders otherwise, postpetition earnings of a debtor held by the Chapter 13 trustee when a case is dismissed post-confirmation vest in the debtor under § 349(b)(3).**

Debtor moves to compel the Trustee to turn over the undistributed funds to her, after paying the attorney fees owed to her counsel. The distribution of a debtor's postpetition earnings held by a Chapter 13 trustee when a case is dismissed is not directly addressed by the Bankruptcy Code. The issue has not been decided by the Tenth Circuit, and there is split among those courts that have addressed it.[19] Debtor urges the adoption of the majority position that relies primarily on § 349(b)(3).[20] The Trustee and Rushmore

---

[16] *Id.*

[17] Doc. 58.

[18] *Id.* at 2.

[19] *See* Dina Lancer, Annotation, *What Does Bankruptcy Code Require Chapter 13 Trustee to Do with Undistributed Funds Received Pursuant to Confirmed Chapter 13 Plan When Chapter 13 Case Is Dismissed*, 20 A.L.R. Fed.3d Art. 3 (2017).

[20] 11 U.S.C. § 349(b)(3). All references to Title 11 in the text are to the section number only.

oppose the Motion, and urge the Court to adopt the minority position that relies primarily on § 1326(a)(2).

"Chapter 13 allows a debtor to retain his property if he proposes, and gains court confirmation of, a plan to repay his debts over a three- to five-year period."[21] A Chapter 13 plan is generally funded by the future earnings of the debtor. Section 1326(a)(1)(A) requires the debtor to commence making payments to the trustee in the amount proposed by the plan not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier. Section 1326(a)(2), on which the Trustee and Rushmore rely, states in part: "A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any *such* payment in accordance with the plan as soon as practicable."[22]

A confirmed plan must provide "for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan."[23] Therefore, "[a] Chapter 13 trustee is often charged with collecting a portion of a debtor's wages through payroll deduction, and with distributing the withheld wages to creditors."[24] The provisions of a confirmed plan bind the debtor and each creditor.[25] "Except as otherwise provided in the plan or in the order

---

[21] *Harris v. Viegelahn*, __U.S. __, 135 S.Ct. 1829, 1835, 191 L.Ed.2d 783 (2015).

[22] 11 U.S.C. § 1326(a)(2) (emphasis supplied).

[23] 11 U.S.C. § 1322(a)(1).

[24] *Harris*, 135 S.Ct. at 1835.

[25] 11 U.S.C. § 1327(a).

5

confirming the plan, the trustee shall make payments to creditors under the plan."[26]

A Chapter 13 debtor has a right to dismiss a case at any time if the case has not been converted under § 706, 1112, or 1208.[27] Section 349 addresses the effect of dismissal. Subsection (a) generally provides that, unless the court orders otherwise, dismissal does not bar the discharge in a later case of debts that were dischargeable in the dismissed case. Subsection (b) codifies the legislative intent that dismissal "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."[28] Unless the court for cause orders otherwise, any superseded custodianship, avoided transfer, and voided lien is reinstated and "any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553" is vacated. Further, unless ordered otherwise for cause, § 349(b)(3) "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." This is the subsection on which Debtor relies.

In this case, Debtor exercised her right to dismiss her case after confirmation of her Chapter 13 plan. At that time, Rushmore had not received payments under the plan because its proof of claim had not been allowed until four days before the dismissal. The Trustee was therefore in possession of $13,788.87 collected from Debtor's postpetition

---

[26] 11 U.S.C § 1326(c).

[27] 11 U.S.C. § 1307(b).

[28] H.R. Rep. No. 595, 95th Cong., 1st sess. 338 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978).

6

Case 16-21725   Doc# 62   Filed 09/11/17   Page 6 of 14

wages for payments to Rushmore.

The Trustee argues that the better-reasoned decisions require the funds he holds to be distributed to creditors, in this case Rushmore. These cases read the revesting language of § 349(b)(3) in conjunction with § 1326(a)(2), which directs the trustee to distribute payments in accordance with the confirmed plan, and conclude that § 1326(a)(2) controls.[29] They reason that the § 1326(a)(2) "directive is not contingent on who holds title to the funds or on whether or not the case has been dismissed,"[30] and that "no provision of the Bankruptcy Code overrides § 1326(a)(2) based on dismissal of the case."[31] Further, § 349(b)(3) does not list orders confirming plans among those that are vacated by a dismissal.[32] The cases following the minority position therefore reject the proposition "that the dismissal of a case voids the binding effect of a confirmed Chapter 13 plan, thereby relieving the trustee of his duty to make payments according to the confirmed plan."[33]

However, the majority of courts decline to follow the foregoing analysis, and hold that § 349(b)(3) controls and revests the postpetition wages in the debtor. In 1985, the Ninth Circuit ruled that wage deductions held by the trustee when a Chapter 13 case was

---

[29] *E.g., In re Darden*, 474 B.R. 1, 8 (Bankr. D. Mass. 2012).

[30] *Id.*

[31] *In re Parrish*, 275 B.R. 424, 426 (Bankr. D.C. 2002).

[32] *In re Darden*, 474 B.R. at 8; *In re Parrish*, 275 B.R. at 427.

[33] *In re Hufford*, 460 B.R. 172, 176 (Bankr. N.D. Ohio 2011).

dismissed after confirmation vested in the debtor under § 349(b)(3).[34] The majority position rejects the minority's reliance on § 1326 because that section "has nothing to say about payments to the trustee after confirmation and before dismissal . . . [and] provides no direction to the trustee in cases . . . that are dismissed after a plan has been confirmed."[35] The use of the word "such" in the second sentence of § 1326(a)(2) means that it applies only to plan payments made *prior* to confirmation.[36] After the trustee distributes pre-confirmation payments as directed by § 1326(a)(2), "he or she can . . . act according to the confirmed plan,"[37] as § 1326(c) then directs the trustee to make payments to creditors under the plan. But "a Chapter 13 plan is no longer enforceable after a case is dismissed."[38] Therefore "the [t]rustee can no longer act 'under the plan' as required by section 1326(c)."[39]

Having rejected § 1326 as the controlling statute, the majority of courts look to

---

[34] *Nash v. Kester (In re Nash)*, 765 F.22d 1410, 1414 (9th Cir. 1985).

[35] *In re Hamilton*, 493 B.R. 31, 35 (Bankr. M.D. Tenn. 2013).

[36] *Id*. (*quoting Williams v. Marshall (In re Williams)*, 488 B.R. 380, 385 (Bankr. N.D. Ill. 2013)).

[37] *Id*. at 36 (*quoting In re Williams*, 488 B.R. at 385); *see also Williams v. Marshall*, 526 B.R. 695, 697 (N.D. Ill. 2014) ("The Trustee's interpretation of [§ 1326(a)(2)], however, would effectively read the word 'such' out of the second sentence. . . . The better reading of the provision limits the directive in the second sentence to payments made by the debtor to the trustee prior to the confirmation of the plan.").

[38] *Williams*, 526 B.R. at 698.

[39] *Id.*; *see also In re Nash*, 765 F.2d at 1413 ("We reject the defendants' contention that the [debtors] continued to be bound by the terms of the first confirmed plan after dismissal."); *Cohen v. Tran (In re Tran)*, 309 B.R. 330, 334 (9th Cir. BAP 2004) ("[D]ismissal effectively vacates a chapter 13 plan confirmation order."); *In re Hamilton*, 493 B.R. at 41 ("While § 349(b) does not expressly provide that confirmation of the Chapter 13 plan is vacated by dismissal, courts have reasonably concluded that dismissal has that effect.").

8

§ 349, which addresses the effect of dismissal. The question becomes whether undistributed postpetition wages held by the trustee at the time of dismissal are "property of the estate" subject to the directive of § 349(b)(3) that dismissal "revests" such property "in the entity in which such property was vested immediately before the commencement of the case." Section 1306(a) defines property of a Chapter 13 estate to consist of all property specified in § 541, plus all such property, including all earnings from services performed by the debtor, acquired by the debtor after the commencement of the case and before the case is closed.[40] Therefore, the postpetition wages held by the Trustee when the case was dismissed are property of the estate.

The requirement that the property "revest" in the entity in which the property was vested immediately before the case was filed is not so easily satisfied. One court found the wages to be within the subsection because "[i]t would be anomalous to give prepetition property of the estate to the debtor under § 349(b)(3) and postpetition property of the estate to creditors."[41] Further, the court observed that

> [i]f the debtors had never filed Chapter 13, they would be entitled to possession of their wages in full, subject to whatever rights their creditors have to reach part of those wages in satisfaction of their claims under applicable nonbankruptcy law and procedure. Thus, giving the withheld wages to the debtors on dismissal more nearly produces the situation that would have existed had the debtors never filed Chapter 13 than any other approach.[42]

---

[40] 11 U.S.C. § 1306(a).

[41] *In re Slaughter*, 141 B.R. 661, 663 (Bankr. N.D. Ill. 1992).

[42] *Id*. at 664.

9

Another court observed, "[t]here is no exception to the vesting effect in § 349(b)(3) for earnings held by the trustee at dismissal."[43] The debtor is the only entity that could claim entitlement to the postpetition wages as of the commencement of the case.[44] The Bankruptcy Code does not classify postpetition wages as belonging to creditors. "Though creditors have a right to those payments based on the confirmed plan, the debtor does not lose his vested interest until the trustee affirmatively transfers the funds to creditors."[45]

The Supreme Court's opinion in *Harris v. Viegelahn*[46] further supports the majority position.[47] It holds that undistributed plan payments made by a debtor from his or her wages and held by the Chapter 13 trustee at the time of the case's conversion to Chapter 7 must be returned to the debtor. Section 348, addressing the effect of conversion, governed that case, rather than § 349, addressing the effect of dismissal, which governs this case. Nevertheless, an important aspect of the Supreme Court's analysis is equally applicable here. In *Harris*, as in this case, the Chapter 13 trustee contended that § 1327(a), which declares that the provisions of a confirmed Chapter 13 plan bind the debtor and creditors, and § 1326(a)(2), which provides that the trustee shall distribute certain funds in accordance with the confirmed plan, required a terminated

---

[43] *In re Hamilton*, 493 B.R. at 39.

[44] *Id.* at 40.

[45] *Id.* (*quoting In re Michael*, 699 F.3d 305, 313 (3rd Cir. 2012)).

[46] *Harris,* 135 S.Ct. at 1820.

[47] *See In re Bateson*, 551 B.R. 807, 810, 813 (Bankr. E.D. Mich. 2016) (*Harris* "determines the outcome in this case;" "the fact that distinguishes [this case] — conversion rather than dismissal — is a distinction without a difference.")

10

Chapter 13 trustee to distribute undisbursed funds to creditors.[48] The Supreme Court rejected the argument, ruling that "the cited provisions had no force here, for they ceased to apply once the case was converted to Chapter 7."[49] It reasoned:

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 . . . applies only in a case under [that] chapter.") [The debtor] having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And [the Chapter 13 trustee], by then the *former* Chapter 13 Trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); *see* § 348(e).[50]

After this case was dismissed, the former Chapter 13 Trustee lacked authority to distribute the undisbursed funds to Rushmore.

The Court finds the majority position that § 349(b)(3) operates to vest postpetition wages held by the Trustee at the time of post-confirmation dismissal to be better reasoned than the minority position.[51] The majority's construction effectuates the policy of § 349 that dismissal "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."[52] Undistributed postpetition wages in the trustee's possession at the time of dismissal are

---

[48] *Harris*, 135 S.Ct. at 1838.

[49] *Id.*

[50] *Id.*

[51] The Court notes that the confirmed plan, which is based on the form plan approved for use in this district, is consistent with this conclusion. As stated above, it provides "[a]ll property of the estate will vest in Debtor at discharge or dismissal of the case."

[52] H.R. Rep. No. 595, 95th Cong., 1st sess. 338; S. Rep. No. 989, 95th Cong., 2d Sess. 49.

11

property of the estate, and Debtor had a contingent future right to that property when the Chapter 13 case was filed. The wages therefore vested in Debtor when the case was dismissed. Section 1326 does not address distribution after dismissal. More importantly, when a Chapter 13 case is dismissed, as when a Chapter 13 case is converted to Chapter 7, Chapter 13 of the Bankruptcy Code ceases to apply, the confirmed plan no longer defines the rights between the debtor and creditors, and the former Chapter 13 trustee loses his authority to disburse the property of the estate to creditors in accordance with the plan.

**B. Cause exists to distribute a portion of the postpetition wages held by the Chapter 13 Trustee to Debtor's counsel.**

As found above, unless the court, for cause, orders otherwise, § 349(b)(3) revested the property held by the Chapter 13 Trustee when this case was dismissed in Debtor. "Cause" is not defined, but the "power to override the normal effects of dismissal is used sparingly."[53]

Debtor's Motion requests that before making the distribution to Debtor, the Trustee distribute to Moore & Associates, Debtor's counsel, any remaining attorney fees owed at the time the case was dismissed. The fee agreement between Debtor and her counsel states, ""I/We agree that in the event my/our case is dismissed at any time after the Meeting of Creditors, that Moore & Associates, LLC shall have the right to recover all funds in the hands of the Chapter 13 Trustee that would otherwise be refunded, up to

---

[53] 3 *Collier on Bankruptcy*, ¶ 349.03[2] at 349-14 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2017).

the total fees then due for this case."[54] The Court finds that this agreement constitutes cause to vary the vesting of property in Debtor and orders that any attorney fees owed at the time the case was dismissed be distributed to Moore & Associates and deducted from the amount that will otherwise be distributed to Debtor.

### C. Cause does not exist to distribute the postpetition wages held by the Chapter 13 Trustee to Debtor's creditor, Rushmore.

The Trustee submits the Court should vary the normal effect of § 349(b)(3) and order the funds paid to Rushmore. The cause alleged is Debtor's intent to make her house payments through the plan and the fact that Debtor benefitted from the stay while her case was pending. Rushmore's delay in filing its proof of claim, which resulted in the Chapter 13 Trustee holding the funds at the time of dismissal, is characterized as being an "unfortunate circumstance."[55] The Court declines to find cause. The benefits received by Debtor are enjoyed by all debtors. The failure to complete plan payments before dismissal certainly cannot be cause to vary the effect of dismissal; it is a common circumstance accompanying voluntary dismissal. The late filing of Rushmore's proof of claim was not Debtor's fault. There is no cause to distribute the funds to Rushmore rather than Debtor.

**CONCLUSION**

For the foregoing reasons, the Court grants Debtor's Motion. The $13,788.87 shall be distributed to Debtor, after deduction of any remaining attorney fees Debtor owed to

---

[54] Doc. 58 at 2.

[55] Doc. 56 at 6.

13

Moore & Associates at the time the case was dismissed .

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting Debtor's Motion to Compel Chapter 13 Trustee to Turnover Undistributed Funds to Debtor and to Pay Moore & Associates any Remaining Attorney's Fees. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #